AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Secrest | ) |
| | ) Case No: 1:18-cr-51 |
| | ) USM No: 15972-028 |
| Date of Original Judgment: 05/31/2019 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑DENIED.  ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ___05/31/2019___ shall remain in effect.
**SO ORDERED.**

Date: 10/3/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA, )
                                  )
               Plaintiff, )
                                  )
          v. )     No. 1:18-cr-00051-JPH-DML
                                  )
ERIC SECREST )
                                  )
              Defendant. )

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Eric Secrest has filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 73.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

1

Amendment 821 includes two parts—Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence, USSG §4A1.1, and Part B, which decreases the offense level "for certain zero-point offenders," USSG §4C1.1(a).  Mr. Secrest's motion does not identify which part he believes supports a sentence reduction.  Dkt. 73.  The government argues that Mr. Secrest is not eligible for a reduction under either part because the amendment does not change his guidelines range.  Dkt. 80.

Mr. Secrest is not eligible for an adjustment under Part A because he did not receive any status points for having committed the offense while under a criminal justice sentence.  *See* dkt. 59 at 7.  And to be eligible for Part B's zero-point offender retroactive adjustment, Mr. Gutierrez must have "not receive[d] any criminal history points from Chapter Four Part A" of the sentencing guidelines.  USSG §4C1.1(a)(1).  However, he received one criminal history point under USSG §4A1.1 for a prior juvenile adjudication.  Dkt. 59 at 6.  So neither part of Amendment 821 changes Mr. Secrest's sentencing range, and the Court may reduce his sentence only if his "sentencing range . . . has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see* USSG §1B1.10(a) (same).

Mr. Secrest therefore is not eligible for a sentence reduction under *Dillon*'s first step, and his motion is **DENIED**.  Dkt. [73].

**SO ORDERED.**

Date: 10/3/2024          _James Patrick Hanlon_
                          James Patrick Hanlon
                          United States District Judge
                          Southern District of Indiana

Distribution:

All electronically registered counsel

Eric Secrest
Reg. No. 15972-028
FCI Greenville
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246